IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASSIDY ALMQUIST**,<br><br>   Plaintiff,<br><br>  v.<br><br>**SYNERGO, LLC**, an Oregon limited liability company; **SYNERGO**, an Oregon corporation; **ASSOCIATION FOR CHALLENGE COURSE TECHNOLOGY**, a Delaware non-profit corporation,<br><br>   Defendants. | Case No. 3:15-cv-01281-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

  United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on May 20, 2016. Dkt. 51. Judge Beckerman recommended that the Court deny Defendant Association for Challenge Course Technology's ("ACCT") motion to dismiss for lack of personal jurisdiction. Judge Beckerman based her recommendation on, among other things, findings that ACCT directly targeted Oregon by certifying Oregon-based Defendants Synergo, LLC and Synergo (collectively "Synergo") as a Professional Vendor

PAGE 1 – ORDER

Member ("PVM"), advertising Synergo as a PVM, and requiring Synergo to adhere to ACCT's standards for challenge courses. No party has filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Beckerman's Findings and Recommendation for clear error on the face of the record. No such error is apparent. Accordingly, the Court **ADOPTS** Judge Beckerman's Findings and Recommendation, Dkt. 51. ACCT's motion to dismiss for lack of personal jurisdiction is DENIED.

PAGE 2 – ORDER

**IT IS SO ORDERED**.

DATED this 9th day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge